IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| VICTORIA K. WYGLE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | No. C18-3049-LTS<br><br>MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |

_____

## I.　　INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable Mark A. Roberts, United States Magistrate Judge. Doc. No. 17. Judge Roberts recommends that I reverse in part, and remand, the decision of the Commissioner of Social Security (the Commissioner) denying Victoria K. Wygle's application for supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, et. seq, and remand for further proceedings. Neither party has objected to the R&R. The deadline for such objections has expired.

## II.　　APPLICABLE STANDARDS

### A.　　*Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir.

2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Roberts applied the appropriate legal standards in considering (1) whether substantial evidence on the record as a whole supports the ALJ's physical RFC determination (including whether the ALJ fully and fairly developed the record) and (2) whether substantial evidence on the record as a whole supports the ALJ's conclusion that Wygle could perform jobs available in significant numbers in the national economy. Judge Roberts also appropriately considered Wygle's Appointments Clause challenge. As Judge Roberts noted, the issue is essentially moot, as on remand the Commissioner will have the opportunity to select an appropriate ALJ to review these issues and Wygle may raise any Appointments Clause challenge she may have at that time. *See Mann v. Berryhill*, No. CV18-3022, 2018 WL 6421725, at *8 (D. Neb. Dec. 6, 2018); *Anderson v. Comm'r of Soc. Sec.*, No. CV18-24-LRR, 2019 WL 1212127, at *5 (N.D. Iowa Feb. 19, 2019); *Dyslin v. Comm'r of Soc. Sec.*, No. CV18-0014-LTS, 2019 WL 2219004, at *14 (N.D. Iowa Feb. 22, 2019).

Based on my review of the record, I find no error—clear or otherwise—in Judge Roberts' recommendation. As such, I adopt the R&R in its entirety. This case will be remanded for further proceedings in accordance with that recommendation.

### IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. No. 17) **without modification**. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Roberts' recommendation:

4

a. The Commissioner's determination that Wygle was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Roberts.

b. Judgment shall enter in favor of Wygle and against the Commissioner.

c. If Wygle wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 18th day of March, 2020.

_____
Leonard T. Strand, Chief Judge